**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LONGHORN HD LLC., | § | Case No. |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| SHENZHEN ORICO TECHNOLOGIES CO., LTD., | § | |
| Defendant. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Longhorn HD LLC. ("LHD" or "Plaintiff") for its Complaint against Defendant Shenzhen ORICO Technologies Co., Ltd. ("ORICO" or "Defendant") alleges as follows:

## THE PARTIES

1. LHD is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Marshall, Texas 75670.

2. Upon information and belief, ORICO is a corporation organized and existing under the laws of China, with its principal place of business located at 9/F, Block 14A, Zhonghaixin Science &Technology Park, Longgang District, Shenzhen, China. ORICO is a manufacturer and seller of computer storage devices and consumer electronics internationally and in the United States. Upon information and belief, ORICO does business in Texas and in the Eastern District of Texas, directly or through its subsidiaries.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

6. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

7. On May 13, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,725,924 (the "'924 Patent") entitled "Information Backup System with Storing Mechanism and Method of Operation Thereof." A true and correct copy of the '924 Patent is available at http://pdfpiw.uspto.gov/.piw?PageNum=0&docid=8725924.

8. On August 30, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,938,104 (the "'104 Patent") entitled "Removable Hard Drive

Assembly, Computer with a Removable Hard Disk Drive, Method of Initializing and Operating a Removable Hard Drive." A true and correct copy of the '104 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=06938104.

9. LHD is the sole and exclusive owner of all right, title, and interest in the'924 Patent and the '104 Patent (collectively, the "Patents-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. LHD also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

10. The '924 Patent generally relates to technology regarding information backup systems, particularly to a system with storage. The technology described in the '924 Patent was developed by Simon B. Johnson and Lev M. Bolotin of ClevX, LLC. For example, this technology is implemented today in information backup systems which include a power supply and communication ports connecting a host microcontroller.

11. The '104 Patent generally relates to hot-swappable ATA hard disk drives. The technology described in the '104 Patent was developed by Itzik Levy at Arco Computer Products, Inc. For example, this technology is implemented that utilize hot swappable hard disk drives.

12. ORICO has infringed and is continuing to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products that use information backup systems which include a power supply and communication ports connecting a host microcontroller, as well as computer systems that utilize hot swappable hard disk drives. Such products include at least hard disk enclosures, docking stations, and adapters that utilize the patented technology.

**COUNT I**
**(Infringement of the ’924 Patent)**

13. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

14. LHD has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the ’924 Patent.

15. Defendant has and continues to directly infringe the ’924 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the ’924 Patent. Such products include at least the ORICO-OS800.

16. For example, Defendant has and continues to directly infringe at least claim 1 of the ’924 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include information backup systems.

17. For example, the ORICO Backuper Type-C External Enclosure performs a method of operation of an information backup system comprising supplying power to a first communication port and a second communication port with an internal power supply. The ORICO Backuper Type-C External Enclosure performs the step of electrically connecting a host microcontroller to the first communication port for connecting a handheld device. The ORICO Backuper Type-C External Enclosure performs the step of electrically connecting the host microcontroller to the second communication port for connecting a mass storage device, the host microcontroller is for functioning as a host to the second communication port and the first communication port. The ORICO Backuper Type-C External Enclosure performs the step of transferring data between the first communication port and the second communication port.

18. Defendant has and continues to indirectly infringe one or more claims of the ’924 Patent by knowingly and intentionally inducing others, including ORICO customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as information backup systems.

19. Defendant, with knowledge that these products, or the use thereof, infringe the ’924 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the ’924 Patent by providing these products to end-users for use in an infringing manner.

20. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the ’924 Patent, but while remaining willfully blind to the infringement.

21. LHD has suffered damages as a result of Defendant’s direct and indirect infringement of the ’924 Patent in an amount to be proved at trial.

22. LHD has suffered, and will continue to suffer, irreparable harm as a result of Defendant’s infringement of the ’924 Patent, for which there is no adequate remedy at law, unless Defendant’s infringement is enjoined by this Court.

## COUNT II
## (Infringement of the ’104 Patent)

23. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

24. LHD has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the ’104 Patent.

25. Defendant has and continues to directly infringe the '104 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '104 Patent. Such infringing products includes least the ORICO-OS800.

26. For example, Defendant has and continues to directly infringe at least Claim 9 of the '104 Patent by making, using, offering to sell, selling, and/or importing into the United States products that comprise removable hard drive assemblies, such as the ORICO-OS800.

27. For example, the ORICO-OS800 is a computer device comprising a computer system formed with at least one standard drive bay and including a power supply and a drive controller conforming to the ATA standard. The ORICO-OS800 comprises a drive assembly fixedly mounted in the drive bay and connected to the power supply and to the drive controller, the drive assembly having an opening formed therein. The ORICO-OS800 comprises at least one removable cartridge having a hard drive device and being dimensioned for insertion into the opening formed in the drive assembly. The ORICO-OS800 comprises a printed circuit board electronically connected between the hard drive device and the drive controller of the system host, the printed circuit board being programmed to modify an identification of the hard drive device indicating to the system host that the hard drive device is a removable drive.

28. Defendant has and continues to indirectly infringe one or more claims of the '104 Patent by knowingly and intentionally inducing others, including customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as removable hard drive assemblies.

29. Defendant, with knowledge that these products, or the use thereof, infringe the '104 Patent at least as the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '104 Patent by providing these products to end-users for use in an infringing manner.

30. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '104 Patent, but while remaining willfully blind to the infringement.

31. LHD has suffered damages as a result of Defendant's direct and indirect infringement of the '104 Patent in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, LHD prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patents-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of the Patents-in-Suit;

c. An order awarding damages sufficient to compensate LHD for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d. Entry of judgment declaring that this case is exceptional and awarding LHD its

costs and reasonable attorney fees under 35 U.S.C. § 285; and,

e. Such other and further relief as the Court deems just and proper.

Dated: December 30, 2022

Respectfully submitted,

/s/ *Vincent J. Rubino, III*

Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue, Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
51 J.F.K. Parkway
Short Hills, NJ, 07078
Telephone: (201) 341-9445
Facsimile: (973) 535-0921

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

***ATTORNEYS FOR PLAINTIFF LONGHORN HD LLC***